UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

DIERBEK SHAMIROV,                                                                    Petitioner,

v.                                                                   Civil Action No. 4:26-cv-436-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                                              Respondents.

* * * * *

**<u>MEMORANDUM AND ORDER</u>**

Petitioner Dierbek Shamirov, a noncitizen resident of Illinois currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings. He alleges that his detention by immigration authorities violates the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, and the Suspension Clause. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefs setting out their respective legal arguments (D.N. 8; D.N. 9). After careful consideration, the Court will grant Shamirov's petition for the reasons explained below.

**I.**

Shamirov is a native and citizen of Russia. (D.N. 1, PageID.2 ¶ 1; *see* D.N. 1-2, PageID.30) He entered the United States on September 28, 2022, and was paroled into the country.[1] (*See* D.N. 1-1, PageID.29; D.N. 1-2, PageID.30) The parole automatically expired on September 27, 2023. (*See* D.N. 1-1, PageID.29) On the same day that Shamirov entered the

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'" *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

United States, he was placed in removal proceedings via a Notice to Appear, which designated him as an "arriving alien." (D.N. 1-2, PageID.30) Before his recent detention, Shamirov lived in Illinois; he states that he has no criminal history. (*See* D.N. 1, PageID.3–4 ¶¶ 5, 7) On May 5, 2025, an immigration judge denied Shamirov's asylum application; granted withholding of removal to Russia; and ordered that he be removed to Russia or, "[i]n the alternative," Kyrgyzstan. (*See* D.N. 1-5, PageID.37–39) An appeal of the immigration judge's order remains pending before the Board of Immigration Appeals. (*See* D.N. 1-6, PageID.42) On June 16, 2026, U.S. Immigration and Customs Enforcement (ICE) detained Shamirov pursuant to an arrest warrant following a stop at a weigh station in Indiana. (*See* D.N. 1, PageID.4 ¶6; D.N. 8-1, PageID.77) Shamirov remains detained at the Hopkins County Jail in Madisonville, Kentucky. (D.N. 1-8, PageID.47)

Shamirov seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, the Chicago ICE Field Office Director, Acting ICE Director David Venturella, Department of Homeland Security Secretary Markwayne Mullin, and U.S. Attorney General Todd Blanche. (*See* D.N. 1, PageID.8 ¶ 17) Shamirov alleges that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; due process under the Fifth Amendment; and the Suspension Clause. (*See id.*, PageID.22–25 ¶¶ 55–69) He seeks immediate release or a bond hearing. (*See id.*, PageID.26) Respondents argue that (1) the Court lacks jurisdiction to consider discretionary grants of parole; (2) Shamirov is an "arriving alien" detained under 8 U.S.C. § 1225(b)(2); and (3) his detention does not violate due process.[2] (*See* D.N. 8, PageID.63–74)

---

[2] Respondents do not argue whether Shamirov must exhaust administrative remedies. (*See generally* D.N. 8) Therefore, the Court will not address that issue.

**II.**

**A.      Jurisdiction**

Citing 8 U.S.C. § 1252(a)(2)(B)(ii), Respondents argue that the Court lacks jurisdiction "to review discretionary grants and terminations of parole." (*Id.*, PageID.71; *see id.*, PageID.67–71) The statute states that federal courts lack jurisdiction to "review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). But the record indicates that Shamirov's parole automatically expired on September 27, 2023 (*see* D.N. 1-1, PageID.30). *See* 8 C.F.R. § 212.5(e)(1) (stating that "[p]arole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized"). Based on the record, and because Shamirov does not dispute that his parole automatically terminated (*see* D.N. 1, PageID.2 ¶ 2), the Court need not address Respondents' jurisdictional argument. The Court may consider Shamirov's petition in any event because 28 U.S.C. § 2241 "confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." *Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004)). The Court will therefore proceed to the merits of Shamirov's claims.

**B.      Immigration and Nationality Act**

Shamirov asserts that 8 U.S.C. § 1226(a) governs his detention and that he is entitled to a bond hearing. (*See* D.N. 1, PageID.22 ¶ 59) Respondents argue that § 1225(b)(2) requires Shamirov's detention on the ground that he is an "arriving alien." (*See* D.N. 8, PageID.63–67)

The Court previously addressed arguments related to a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026). The Court

3

thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired. *See id.* at *1. The Court found that upon the expiration of the petitioner's parole, he was not an arriving alien, he was not automatically returned to mandatory detention, and he remained an applicant for admission. *See id.* at *2–3. The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because he was not "seeking admission" as that provision requires. *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))). Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States. *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)). The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)); *see also Ontiveros v. Warden Corr. Ctr. of Nw. Ohio*, No. 3:26-cv-632, 2026 WL 1109422, at *5 (N.D. Ohio Apr. 24, 2026) (rejecting argument that "an arriving immigrant who is paroled and whose parole expires remains an ['arriving alien'] even when that term no longer logically applies to them").

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at 732. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 175 F.4th at 722–23. The Sixth Circuit held

4

that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at 723. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at 729.

Here, immigration authorities detained Shamirov in the United States after he overstayed his parole. (*See* D.N. 1, PageID.4 ¶ 6) Like the petitioners in *Lopez-Campos*, Shamirov is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Lopez-Campos*, 175 F.4th at 723. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Shamirov's detention. *See id.* at 732 (noting that "'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))). Shamirov is thus entitled to a bond hearing. *See id.* at 719 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

## C.    Due Process

Shamirov's detention without a bond hearing violates due process. *See id.* Because he has not received such a hearing (*see generally* D.N. 1; D.N. 8), the Court must determine the proper remedy. *See Campos-Rios v. Blanche*, No. 3:26CV00640, 2026 WL 1361650, at *16 (N.D. Ohio May 15, 2026). "Habeas has traditionally been a means to secure release from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis omitted). Consistent with that understanding, this Court and others have ordered noncitizens' release upon finding a due-process violation. *See, e.g.*, *Vicen v. Lewis*, 821 F. Supp. 3d 863, 878 (W.D. Ky.

2026) (ordering release and collecting cases in which courts ordered release from illegal detention); *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025); *see also Hyppolite*, 808 F. Supp. 3d at 494 (ordering the petitioner's release and that the respondents not re-detain him "without providing him notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker").   In accordance with those decisions, the Court will order Shamirov's immediate release.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Shamirov's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Shamirov and shall not re-detain him without notice and an opportunity to be heard at a bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **August 12, 2026**.

(2)     Upon receipt of the notice of compliance, this matter will be **CLOSED**.

August 11, 2026

**David J. Hale, Chief Judge**
**United States District Court**